Carmen JIMENEZ; Lorena Maae; Tony Maae; Humberto Menchaca; Sonya Jimenez, individually, Plaintiffs—Appellants,

v.

CITY OF COSTA MESA, a municipal corporation; David Snowden, individually and as Chief of Police of the City of Costa Mesa; Christopher Bates, Officer; Michael Balsis, Officer; Ronald Chamberlin, Officer; Frank Christian, Officer; Robert Coash, Officer; Carlos Diaz, Officer; Mario Garcia, Officer; David Hamel, Officer; Zachary Hoferitza, Officer; Bang Le, Officer; Scott May, Officer; Jose Torres, Officer, Defendants—Appellees.

No. 04–55948.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2006.

Decided April 5, 2006.

---

Federico C. Sayre, Esq., Thomas V. Perea, Esq., Law Offices of Federico C. Sayre, Santa Ana, CA, Emery El Habiby, Esq., Law Offices Of Federico C. Sayre, Los Angeles, CA, for Plaintiffs–Appellants.

Daniel K. Spradlin, Esq., M. Lois Bobak, Esq., Woodruff, Spradlin & Smart, Orange, CA, Kimberly H. Barlow, Esq., Office of City Attorney, Costa Mesa, CA, for Defendants–Appellees.

Before: MCKEOWN and BERZON, Circuit Judges, and KING,* Senior Judge.

### MEMORANDUM **

Carmen Jimenez, Sonya Jimenez, Tony Maae, Lorena Maae and Humberto Menchaca appeal from the district court's grant of summary judgment in favor of Officers Le, Torres, Bates and Chamberlin on the basis of qualified immunity. All five appellants brought claims under 42 U.S.C. § 1983 alleging use of excessive force; Sonya Jimenez also alleged false arrest. The alleged violations occurred when officers responded to a 911 call reporting an altercation at an El Torito restaurant. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here. We affirm the district court's grant of summary judgment with respect to all claims except for Carmen Jimenez's excessive force claim against Officer Le and Humberto Menchaca's excessive force claim against Officer Bates.

We review the district court's decision de novo. *Sorrels v. McKee*, 290 F.3d 965,

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

969 (9th Cir.2002). We use the following test in determining qualified immunity claims on a summary judgment motion: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If no constitutional right was violated, the inquiry ends. *Id.* If a constitutional right was violated, we must then determine whether that right was "clearly established" in the "specific context of the case"—i.e., "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201–02, 121 S.Ct. 2151.

### I. False Arrest

A claim for unlawful arrest is cognizable under § 1983 if the arrest was without probable cause or other justification. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir.2001). Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would believe the suspect had committed a crime. *Id.* at 966.

■ The record establishes that a prudent person would believe, under the totality of circumstances, that probable cause existed to arrest Sonya Jimenez for willful obstruction of a peace officer in the performance of his duties in violation of California Penal Code § 148(a).[1] The undisputed facts demonstrate that Sonya Jimenez pushed a uniformed police officer, Officer Le, while he was attempting to arrest Tony Maae. Given that there was probable cause to arrest, further inquiry concerning qualified immunity is unnecessary, *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151, and summary judgment was appropriate with respect to this claim.

### II. Excessive Force

Officers may only use "objectively reasonable" force under the circumstances, which is determined by balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (citations and internal quotations marks omitted). Governmental interests are examined in light of the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id.*

#### A. *Claims against Officer Le*

■ Sonya Jimenez claims that the single push she received from Officer Le, when she leaned over him during the arrest of Tony Maae, was constitutionally excessive. When weighed against the government's interest in this case, the minimal intrusion was objectively reasonable under the circumstances. "Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers violates the Fourth Amendment." *Id.* Therefore, summary judgment in favor of Officer Le was appropriate with respect to this claim.

■ However, a jury could reasonably conclude that Officer Le's conduct vis-a-vis Carmen Jimenez was objectively unreasonable under the circumstances. Carmen

---

1. Cal. Pen.Code § 148(a) provides that "[e]very person who willfully resists, delays, or obstructs any ... peace officer ... in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished...." *See In re Muhammed C.*, 95 Cal. App.4th 1325, 1329, 116 Cal.Rptr.2d 21 (2002) (explaining the legal elements of a violation of § 148(a)).

Jimenez was an unarmed, non-arrestee bystander who was standing three to four feet away from the officers when she made a verbal inquiry about her daughter. She posed no physical threat to anyone and suffered several injuries as a result of Officer Le's push.[2] Viewing the alleged facts in the light most favorable to the injured party, a jury could conclude that the force used was excessive. *See Santos v. Gates,* 287 F.3d 846, 853 (9th Cir.2002) ("[A] jury could reasonably conclude that there was little or no need for the application of force against Santos and that in light of his serious injury, the force used was both substantial and excessive.").

Officer Le is not entitled to qualified immunity on Carmen Jimenez's claim. A reasonable officer under the circumstances "would have had fair notice that the force employed was unlawful, and that any mistake to the contrary would have been unreasonable." *Drummond ex rel. Drummond v. City of Anaheim,* 343 F.3d 1052, 1060 (9th Cir.2003). This is so even "absent a Ninth Circuit case presenting the same set of facts." *Id.* at 1062. Therefore, Officer Le is not entitled to summary judgment, and we reverse with respect to this claim.

■ Tony Maae claims that Officer Le used excessive force when he punched him at least five times in the ribs in the course of arresting him. Tony Maae initially resisted arrest; the punching occurred prior to handcuffing, and there was no serious injury. However, the arrest was for a minor offense, and at least some of the punching occurred after he stopped actively resisting and was being held face-down on the ground by three officers.[3] Viewing the alleged facts in the light most favorable to the injured party, a jury could conclude that the punching was unreasonable under the circumstances. *See La-Londe v. County of Riverside,* 204 F.3d 947, 959 (9th Cir.2000) (weighing arrestee's initial resistance against his serious injury and the minor nature of his offense).

However, Officer Le is entitled to qualified immunity with respect to this claim. In light of Tony Maae's initial resistance, his lack of serious injury, and the fact he was not yet handcuffed when punched and thus posed at least a minimal threat, we cannot conclude that a reasonable officer would have had "fair notice" under existing caselaw that "the force employed was unlawful, and that any mistake to the contrary would have been unreasonable." *Drummond,* 343 F.3d at 1060 (holding that the severe force applied after Drummond was handcuffed and lying on the ground was clearly excessive). Therefore, summary judgment in favor of Officer Le was appropriate with respect to this claim.

### B. *Claims Against Officers Torres and Bates*

■ Officer Torres's elbow hit Lorena Maae in the chest as he ran by her to attend to a disturbance at the bar. When weighed against the governmental interest, this minimal intrusion was objectively reasonable under the circumstances. Summary judgment in favor of Officer Torres was appropriate.

■ A jury could reasonably conclude that Officer Bates used excessive force

---

**2.** Although an officer's "underlying intent or motivation" is irrelevant to the excessive force inquiry, *Graham,* 490 U.S. at 397, 109 S.Ct. 1865, we note that prior to pushing Carmen Jimenez, Officer Le allegedly said "Get out of my way, you f* * * bitch."

**3.** We note that even within the appellants' submissions, there is a great deal of inconsistency as to when Tony Maae stopped resisting in relation to Officer Le's punches. Tony Maae's deposition testimony is inconsistent on this issue. His assertions are also contradicted by the deposition testimony of Sonya Jimenez, who witnessed the arrest.

when he lunged at, pushed, and pinned Humberto Menchaca against the bar with both hands or a billy club in response to a verbal inquiry from eight to ten feet away. Although the intrusion was not severe, a jury could conclude there was no need for force at all under the circumstances. We also conclude that Office Bates is not entitled to qualified immunity because, even absent a case presenting these same set of facts, a reasonable officer under the circumstances would have had "fair notice" that the use of such force on a non-arrestee, in response to a verbal inquiry from several feet away, "was unlawful, and that any mistake to the contrary would have been unreasonable." *Drummond,* 343 F.3d at 1060. Therefore, Officer Bates is not entitled to summary judgment, and we reverse with respect to this claim.

### C. *Claims against Officer Chamberlin*

█ Officer Chamberlin pushed Sonya Jimenez on the stairway causing her to fall on one knee. Given that the officers were substantially outnumbered and were trying to escort her quickly out of the restaurant, and she was shouting obscenities at them, this minimal intrusion that resulted in no injury to her was reasonable under the circumstances. *See Jackson v. City of Bremerton,* 268 F.3d 646, 650 (9th Cir. 2001). Summary judgment in favor of Officer Chamberlin was appropriate with respect to this claim.

█ A jury could reasonably conclude that Officer Chamberlin's use of pepper spray on Tony Maae in the manner alleged was objectively unreasonable. Although Tony Maae initially resisted arrest and the pepper-spraying occurred prior to handcuffing, his arrest was for a minor crime, and he posed little threat at the time because three officers were holding him to the ground. We conclude, however, that Officer Chamberlin is entitled to qualified

immunity because in 2001, the contours of the right against excessive force in the pepper-spray context were not so clearly established that a reasonable officer would have known the unlawfulness of this conduct. *See LaLonde,* 204 F.3d at 960–61 (holding that officers acted unlawfully when they left pepper spray on the face and eyes of an initially resisting arrestee for twenty to thirty minutes after he surrendered and was handcuffed); *Jackson,* 268 F.3d at 651–53 (holding that the officer's use of chemical irritant on a third party who was actively interfering with another's arrest was a "minimal" intrusion that was objectively reasonable under the circumstances).

**AFFIRMED** as to all parties except **REVERSED** and **REMANDED** as to Carmen Jimenez's excessive force claim against Bang Le and Humberto Menchaca's excessive force claim against Christopher Bates. Costs on appeal are awarded to Carmen Jimenez and Humberto Menchaca. All other parties shall bear their own costs on appeal.